UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re: Case No: <u>20-18994 (CMG)</u>

518 SKILLMAN L.L.C., Chapter: <u>7</u>

Judge: <u>Christine M. Gravelle</u>

### NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

<u>John M. McDonnell</u>, <u>Chapter 7 Trustee</u>, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

| Address of the Clerk: | United States Bankruptcy Court
Office of the Clerk Clarkson S. Fisher
US Courthouse 402 East State Street
Trenton, NJ 08608 |
|---|---|

If an objection is filed, a hearing will be held before the Honorable <u>Christine M. Gravelle</u> on **June 22, 2021 at 10:00 a.m**. at the United States Bankruptcy Court, courtroom no. <u>3</u>, <u>U.S. Bankruptcy Court 402 E. State Street, Trenton NJ</u> (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

| Nature of action: | The disposition of certain claims and property of the estate. |
|---|---|

Pertinent terms of settlement:

Following good faith negotiations, the plaintiff, John M. McDonnell, not individually or personally but as the chapter 7 trustee (the "Trustee") for the estate for 518 Skillman L.L.C., the chapter 7 debtor (the "Debtor"), and Ryan Sjostrom and Amy Sjostrom (the "Settling Parties" and together with the Trustee, the "Parties") desire to settle certain claims of the estate and the disposition of certain property of the estate, to avoid further costs of litigation on the terms set forth in a Stipulation and Consent Order (as defined below).

A mutually agreed to proposed stipulation and consent order (the "Stipulation and Consent Order"), will be submitted to the Court upon a Certificate of No Objection being issued by the Clerk of the Court to this Notice and is available upon request.

By way of brief history, on July 29, 2020 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey. On July 30, 2020, John M. McDonnell was appointed as the chapter 7 trustee for the Debtor's estate, has duly qualified, and is acting in that capacity. The Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on September 9, 2019.

On the Debtor's Schedule "A/B" to the Petition, the Debtor lists an ownership interest certain personal property as follows "Escrow funds held back by lender (Wells Fargo, N.A.) from the purchaser of 714 Route 518 from the payment of purchase price to Debtor for completion of patio and shed. Currently held by Wells Fargo, N.A." (the "Disputed Escrow Funds") with a total value of $33,000 listed by the Debtor. *See* Docket No. 1. Based upon information and belief, the Disputed Escrow Funds are held on deposit with Wells Fargo Bank. The Trustee asserts the estate's ownership interest in the Disputed Escrow Funds. Based upon information and belief, the Settling Parties asserted a full interest in the Disputed Escrow Funds as part of a disputed prepetition real estate transaction with the Debtor. On October 27, 2020, the Settling Parties filed proof of claim no. 2 asserting a general unsecured non-priority claim in the amount of $ 106,084.75 (the "Disputed Claim"), which is the largest claim of the estate. *See* Proof of Claim No. 2.

Following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein, which in summary provides for the Disputed Escrow Funds to be divided between the Parties as follows (1)(a) $17,500 to the Settling Parties and (a) $15,500 to the Trustee for the benefit of the estate; and (2) the Settling Parties waive the Disputed Claim (the largest claim of the estate).

The Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

The Parties agree that the Disputed Escrow Funds to be divided between the Parties as follows: (i) $17,500 (the "Settling Parties Funds") to the Settling Parties and (ii) $15,500 (the "Estate Funds") to the Trustee for the benefit of the estate.

The Wells Fargo Bank shall pay to the Settling Parties Funds the sum of $17,500 (*i.e.*, the Settling Parties Funds) upon the Effective Date. The Wells Fargo Bank shall pay to the Trustee the sum of $15,500 (*i.e.*, the Estate Funds) upon the Effective Date.

The Parties exchange certain claim waivers. The Settling Parties waive the Disputed Claim. The Settling Parties withdraw, dismiss, release, waive, and forever discharges any claim, including, but not limited to the Disputed Claim, and any other claim or cause of action of any type or nature, against the Estate Funds, the estate, the Trustee, and the Trustee's professionals.

Upon entry of an order by the Bankruptcy Court approving the Stipulation and Consent Order and the performance of all obligations under the Stipulation and Consent Order by the Settling Parties, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, releases the Settling Parties, from any and all claims that the Trustee or the Debtor's bankruptcy estate has against the Settling Parties that are related to the Settling Parties Funds. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of the Stipulation and Consent Order.

The Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties and/or parties that are not signatories to the Stipulation and Consent Order.

The Trustee, in his business judgment, believes that such settlement is in the best interest of the estate and its creditors because such payment may produce a distribution to unsecured creditors, without the uncertainty and length of potential litigation.

---

Objections must be served on, and requests for additional information directed to:

Name: McDonnell Crowley, LLC

Address: 115 Maple Ave., Red Bank, NJ 07701

Telephone No.: (732)383-7233

*rev.8/1/15*