

McDonnell Crowley, LLC
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel to John M. McDonnell,
Chapter 7 Trustee*

Order Filed on June 24, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

518 SKILLMAN L.L.C.,

Debtor.

Case No. 20-18994 (CMG)

Honorable Christine M. Gravelle

Chapter 7

### STIPULATION AND CONSENT ORDER

The relief set forth on the following page, numbered two (2) through eleven (11), is hereby **ORDERED**.

**DATED: June 24, 2021**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Debtor: 518 Skillman L.L.C.
Case No.: 20-18994 (CMG)
Caption of Order: Stipulation and Consent Order

---

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell (the "Trustee"), not individually or personally, but as the chapter 7 trustee for the estate of 518 Skillman L.L.C., the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, and Ryan Sjostrom and Amy Sjostrom (the "Settling Parties" and, together with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on July 29, 2020 (the "Petition Date"), the Debtor filed its voluntary petition (the "Petition") for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey. *See* Court Docket No. 1; and

WHEREAS, on July 30, 2020, John M. McDonnell was appointed as the chapter 7 trustee for the Debtor's estate, has duly qualified, and is acting in that capacity. *See* Docket No. 2; and

WHEREAS, the Debtor's 341(a) Meeting of Creditors (the "341 Meeting") was held on September 9, 2019. *See* Docket *generally*; and

WHEREAS, on the Debtor's Schedule "A/B" to the Petition, the Debtor lists an ownership interest certain personal property as follows "Escrow funds held back by lender (Wells Fargo, N.A.) from the purchaser of 714 Route 518 from the payment of purchase price to Debtor for completion of patio and shed. Currently held by Wells Fargo, N.A." (the "Disputed Escrow Funds") with a total value of $33,000 listed by the Debtor. *See* Docket No. 1; and

WHEREAS, based upon information and belief, the Disputed Escrow Funds are held on deposit with Wells Fargo Bank; and

| | |
|---|---|
| Debtor: | 518 Skillman L.L.C. |
| Case No.: | 20-18994 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, the Trustee asserts the estate's ownership interest in the Disputed Escrow Funds; and

WHEREAS, based upon information and belief, the Settling Parties asserted a full interest in the Disputed Escrow Funds as part of a disputed prepetition real estate transaction with the Debtor; and

WHEREAS, on October 27, 2020, the Settling Parties filed proof of claim no. 2 asserting a general unsecured non-priority claim in the amount of $ 106,084.75 (the "Disputed Claim"), which is the largest claim of the estate. *See* Proof of Claim No. 2; and

WHEREAS, following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein, which in summary provides for the Disputed Escrow Funds to be divided between the Parties as follows (1)(a) $17,500 to the Settling Parties and (a) $15,500 to the Trustee for the benefit of the estate; and (2) the Settling Parties waive the Disputed Claim (the largest claim of the estate); and

NOW THEREFORE, relying specifically on the foregoing recitals, and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2. This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In addition, any

actions of the Parties to this Stipulation and Consent Order necessary to consummate the transactions contemplated by this Stipulation and Consent Order also are APPROVED.

3. With the exception of paragraph nos. 4 and 5 of this Stipulation and Consent Order, this Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4. Effective as of the date this Stipulation and Consent Order is executed by all the Parties, the Settling Parties hereby waives any and all rights to object to this Stipulation and Consent Order and any pleading sought to approve the same.

5. The Settling Parties expressly further waives its respective rights to appeal the entry of this Stipulation and Consent Order.

6. The Parties agree that the Disputed Escrow Funds to be divided between the Parties as follows: (i) $17,500 (the "Settling Parties Funds") to the Settling Parties and (ii) $15,500 (the "Estate Funds") to the Trustee for the benefit of the estate.

7. The Settling Parties waive the Disputed Claim.

8. The Wells Fargo Bank shall pay to the Settling Parties Funds the sum of $17,500 (*i.e.*, the Settling Parties Funds) upon the Effective Date. The Wells Fargo Bank shall pay the Settling Parties Funds by issuing a check payable to *"Ryan Sjostrom and Amy Sjostrom"* and delivering it to the following address:

> **Larry E. Hardcastle, II, Esq.**
> **Lanciano & Associates, L.L.C.**
> **2 Route 31 North**
> **Pennington, New Jersey 08534**

9. The Wells Fargo Bank shall pay to the Trustee the sum of $15,500 (*i.e.*, the Estate Funds) upon the Effective Date. The Wells Fargo Bank shall pay the Estate Funds by issuing a check payable to **"*John M. McDonnell, Trustee for 518 Skillman L.L.C.*"** and delivering it to the following address:

> **Brian T. Crowley, Esq.**
> **McDonnell Crowley, LLC**
> **115 Maple Avenue**
> **Red Bank, New Jersey 07701**

10. The Settling Parties do hereby warrant and represent that they have not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Settling Parties has, had or may have against the Debtor, the bankruptcy estate, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise, or whether based on common law or any federal or state statute, rule or regulation, whether suspected or unsuspected, or whether now or previously recognized, to any other person.

11. The Settling Parties hereby withdraw, dismiss, release, waive, and forever discharges with prejudice, any scheduled claim, any proof of claim, including, but not limited to the Disputed Claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the Estate Funds, the estate, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure and any and all such

(Page 6)

| | |
|---|---|
| Debtor: | 518 Skillman L.L.C. |
| Case No.: | 20-18994 (CMG) |
| Caption of Order: | Stipulation and Consent Order |

claims are hereby permanently, disallowed and irrevocably expunged. The Settling Parties further waive any and all objections to the fee applications of the Trustee and the Trustee's professionals. The Settling Parties represent and warrant that they will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estate. The Settling Parties agree that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause, facilitate, or encourage the commencement of) any lawsuit (whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, or any other action relating to any conduct by the estate, the Trustee, and/or the Trustee's professionals.

12. Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order and the performance of all obligations under this Stipulation and Consent Order by the Settling Parties, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges the Settling Parties, from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee or the Debtor's bankruptcy estate ever had or now has, or may claim to have at the present time, against the Settling Parties that are related to the Settling Parties Funds. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order.

13. *This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties and/or parties that are not signatories to this Stipulation and Consent Order.*

Debtor: 518 Skillman L.L.C.
Case No.: 20-18994 (CMG)
Caption of Order: Stipulation and Consent Order

---

14. It is understood that this Stipulation and Consent Order embodies a compromise of various disputed claims, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

15. Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order, and/or the disputes settled by this Stipulation and Consent Order. However, if any proceeding is brought to enforce or interpret any provision of this Stipulation and Consent Order, or the rights or obligations of any party hereunder, including without limitation, reliance on this Stipulation and Consent Order as an affirmative defense to any formal or informal claim, action or proceeding of any kind or nature, the prevailing party preserves their rights to recover, as an element of such party's costs of suit, and not only as damages, all reasonable costs and expenses incurred or sustained by such prevailing party in connection therewith.

16. This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

17. The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

18. No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

19. The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

20. This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

21. This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

22. This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

23. The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

24. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and, if applicable, the advice of their own counsel. The Parties acknowledge that they had a reasonable period of time to consider this Stipulation and Consent Order.

25. The Settling Parties acknowledge that their attorney has advised them of the legal import and consequences of this Stipulation and Consent Order and/or the Settling Parties acknowledges they have had the opportunity to seek legal advice as to this Stipulation and Consent Order.

26. The Parties hereto deem the within Stipulation and Consent Order as *res judicata* as to any issue resolved between them herein, and the terms set forth herein are specifically binding as to any subsequent state and/or federal court action.

27. This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or

(Page 10)

Debtor: 518 Skillman L.L.C.
Case No.: 20-18994 (CMG)
Caption of Order: Stipulation and Consent Order

---

required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

28. A facsimile, electronic, and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile, electronic, and/or PDF signatures.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

29. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF,** each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

**AGREED AND STIPULATED:**

**MCDONNELL CROWLEY, LLC**
*Counsel to John M. McDonnell, not individually or personally, but as Chapter 7 Trustee for the estate of 518 Skillman L.L.C.*

By: _[signature]_

Name: BRIAN T. CROWLEY

Date: 6/16/2021

**RYAN SJOSTROM**
*Settling Party*

By: _____

Name: RYAN SJOSTROM

Date: _____

**Lanciano & Associates, L.L.C.**
*Counsel for the Settling Parties, Ryan Sjostrom and Amy Sjostrom*

By: _____

Name: LARRY E. HARDCASTLE, II,

Date: _____

**AMY SJOSTROM**
*Settling Party*

By: _____

Name: AMY SJOSTROM

Date: _____

than one (1) counterpart.

28. A facsimile, electronic, and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile, electronic, and/or PDF signatures.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

29. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF**, each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

**AGREED AND STIPULATED:**

| McDonnell Crowley, LLC | Lanciano & Associates, L.L.C. |
|---|---|
| *Counsel to John M. McDonnell, not individually or personally, but as Chapter 7 Trustee for the estate of 518 Skillman L.L.C.* | *Counsel for the Settling Parties, Ryan Sjostrom and Amy Sjostrom* |

By: _____

Name: BRIAN T. CROWLEY

Date: _____

By: _____

Name: LARRY E. HARDCASTLE, II.

Date: 5/19/21

**Ryan Sjostrom**
*Settling Party*

By: _____

Name: RYAN SJOSTROM

Date: 5-18-2021

**Amy Sjostrom**
*Settling Party*

By: _____

Name: AMY SJOSTROM

Date: 5/16/21

1